## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| NOBLE SYSTEMS CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ACQUEON TECHNOLOGIES, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Noble Systems Corporation ("Noble Systems") hereby states its

Complaint for patent infringement against Defendant Acqueon Technologies, Inc.

("Acqueon") and avers as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under the patent laws of the

United States, 35 U.S.C. § 1 *et seq.*

2.     A contact center frequently handles inbound and outbound service

support, usually by telephone call, for businesses.  Contact centers face

technological and regulatory challenges such as complying with a variety of

statutes and regulations, such as the Telephone Consumer Protection Act (TCPA)

(47 U.S.C. § 227) and contact center specific policies, that govern whether, how,

and when a call may be originated.  This may include determining whether a call

can be placed by automated telephone dialing equipment (i.e., an autodialer) or a live agent, and ensuring that a call that should be placed by a live agent is in fact so placed. This may also include managing various lists containing records of numbers to be called, noting when they were called, how many times they were called, the outcome of the call, and other necessary information that is vital to operation of a successful contact center.

3.      Plaintiff Noble Systems is a leading provider and developer of innovative contact center technology that allows for improved management and efficiency of making customer contacts, including those made by automated and predictive dialing devices and processes. Noble Systems' contact center technology utilizes automated telephone dialing equipment that works cooperatively with live agents to place calls that are then transferred to the agent when answered.

4.      Noble Systems owns various patents that describe and claim novel and unobvious products, systems and methods for accomplishing these and other functions within a contact center.

5.      Defendant Acqueon develops and offers contact center and customer interaction management software that also manages lists of calling records and determines how and when the records should be dialed. Acqueon thus competes with Noble Systems and is currently offering and selling software products that

2

provide certain relevant contact center functionality, namely the Acqueon List Campaign Manager ("LCM") and "U-Nexsys" product offerings ("LCM/U-Nexsys") (collectively referred to as "Acqueon's LCM Products"). Acqueon's LCM Products is a list and campaign manager that can be used by a contact center operator (a so-called "premise-based" deployment) or offered as a service through a hosted service provider (a so-called "cloud-based" deployment). *See* http://www.acqueon.com/wp-content/uploads/2015/05/Acqueon_LCM32_Brochure_4-15.pdf. Acqueon also offers a TCPA Compliance Module for use by contact centers that operates in conjunction with Acqueon's LCM Products. See http://www.acqueon.com/wp-content/uploads/2015/12/Acqueon-TCPA-whitepaper.pdf .

6.     Noble Systems owns United States Patents directed to such technologies. By making, using, offering for sale, or selling Acqueon's LCM Products and the TCPA Compliance Module, Acqueon is either directly infringing, indirectly infringing by at least contributing to the infringement by others, or infringing under the doctrine of equivalents, Noble Systems' exclusive rights in and to its patented technology as set forth herein.

7.     Acqueon's actions have been undertaken with full knowledge of Noble Systems' patent rights. In fact, over several months Noble Systems has provided repeated notice of its patent rights, which has gone largely ignored.

8.      Noble Systems brings this suit to protect its cutting edge technology, seeking preliminary and permanent injunctive relief and monetary relief. Moreover, Noble Systems is entitled to enhanced damages and an award of its attorneys' fees.

## PARTIES

9.      Noble Systems is a private company organized and existing under the laws of the State of Georgia, with a place of business in Atlanta, Georgia.

10.     On information and belief, Acqueon is a for-profit, private company organized and existing under the laws of the State of New Jersey, with a place of business at 14785 Preston Rd #550, Dallas, TX 75254.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the laws of the United States, 35 U.S.C. § 1 *et seq.*

12.     On information and belief, this Court has both general and specific personal jurisdiction over Acqueon because Acqueon is doing business and has done business in the State of Texas and in this district, or is otherwise a resident of

this jurisdiction.  Acqueon maintains an office in the State of Texas at 14785

Preston Rd #550, Dallas, TX 75254.

13.     On information and belief, Acqueon sells and offers for sale in this

district the products at issue and maintains a regular and established place of

business in this district at 14785 Preston Rd #550, Dallas, TX 75254.  In addition,

Acqueon directs its sales activities and customer inquiries to this forum by

advertising via its website to the above address.

14.     Because Acqueon has committed acts of infringement in this district

by, among other things, selling and offering for sale the products at issue in this

district, and because Acqueon maintains a regular and established place of business

in this district, venue is proper in this district pursuant to 28 U.S.C. § 1400(b).


### FACTUAL BACKGROUND

### Contact Centers Face Various Issues to Properly Operate and Manage Successful Campaigns for Customers

15.     A contact center is generally part of an enterprise's overall customer

relationship management program.  Contact centers handle and process business

communications in multiple channels: telephone; email; live chat; postal mail; and

in a growing trend, social media.  In today's business environment, contact centers

are used for a wide range of purposes including marketing, customer service, and

debt collection.  Contact centers represent an evolution of the traditional call center and provide customer service in today's digital age.

16.     A contact center typically includes a "call center" for handling inbound and/or outbound voice calls, but may include other channels of customer contact as well, including e-mail, newsletters, postal mail, texts, web site inquiries, and chats.  A call center handling inbound and outbound service support for businesses may retain, store, and retrieve customer information.  Such support can include customer inquiries, order placement, technical support, refund processing, product exchanges, and more.

17.     Contact and/or call centers receive or make hundreds of calls per day with the aid of computer based telephone equipment sometimes generally called an "autodialer."   A specific type of autodialer is a "predictive dialer," (a.k.a. simply a "dialer") which can automatically dial outbound calls and once a call is answered, the call is then transferred to an agent so that the agent can talk with the contacted party.

18.     A predictive dialer dials from a calling list containing telephone numbers.  Like other types of autodialers, predictive dialers call these numbers in the list in an automatied fashion and relieve agents from having to screen busy signals, voicemail, no-answers, and disconnected numbers.  The calls are automated in that the predictive dialer calls these numbers at a rate to ensure that

when a consumer answers the phone, an agent is available to take the call. Thus, predictive dialers work hand-in-hand with agents to execute a calling campaign.

19.     Predictive dialers not only dial telephone numbers for outbound calls, but can also distribute these calls amongst available agents who may be waiting for a call.  For example, some calls may be connected to agents with certain skills, such as English speaking agents, whereas other calls may be connected to Spanish speaking agents, and finally, other calls may be connected to either group of agents.

20.     Predictive dialers thus work in conjunction with contact center agents to effectively conduct campaigns on behalf of customers.  In a typical campaign, a call list is used to identify individuals indicated in call records who are to be contacted by telephone.  A call list may be processed so that some portions of the call list i.e., the call records, may be assigned to particular agents.  If a desired party answers a call, it is transferred to an agent who then speaks with the desired party in accordance with the calling campaign.

21.     It is recognized that a substantial portion of such calls will not be answered by the desired party.  Instead, the line may be busy, the desired party may not be available, or the telephone number on the call list may be disconnected. Rather than consume an agent's time by dialing such calls serially, the predictive dialer will dial multiple numbers simultaneously.  When a call is answered by a

live person, the call is then transferred to a suitable agent who speaks with the desired party.  Predictive dialers thus facilitate efficient use of the agent's time and, in turn, ensure the campaign is efficiently performed.

22.     Various regulations have been developed to ensure that predictive dialers are not misused.  For example, under the FCC's interpretation of the Telephone Consumer Protection Act (TCPA), a predictive dialer can only be used to call a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 U.S.C. § 227(b)(1)(A)(iii)) number if prior express consent was obtained from the called party in advance.  If such consent is not available, then the call may be manually dialed by an agent who may solicit such consent.  If consent is obtained, then the number can be dialed using the predictive dialer in the future. As used herein, "wireless" includes a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

23.     Predictive dialers can be used to assist in managing a campaign.  For example, a call list may be segmented such that only certain records are dialed at certain times of the day.  The predictive dialer may also allow for efficient use of agent resources, as calls may be transferred to agents who are highly skilled and

8

able to generate a favorable outcome, while still ensuring that all agents have sufficient calls to work efficiently.

24.     Predictive dialers may assist in maintaining up to date and accurate call lists.  Should a particular call list have one or more "wrong" numbers contained therein, once the predictive dialer recognizes that a given number is in error, the list can and should be updated to reflect such status.  Similarly, if a wireless telephone subscriber provides (or revokes) consent for receiving calls in the future, the list can and should be updated to reflect that change of consent. This process normally involves the agent providing a disposition code to the system.  If, for example, the called party provides consent for receiving autodialed calls in the future, the number can then be subsequently dialed by the predictive dialer, saving time for the agent, as opposed to being manually dialed.

25.     Further, predictive dialers may be used to affect call screening. Certain telephone numbers may be placed in identified databases that preclude a call to that number.  Such databases are sometimes referred to as "do not call" lists. A predictive dialer may be used to identify a number on such a list and ensure that no call is made to that number.

26.     Thus, a complex set of policies, procedures, regulations and protocols are involved in a contact center to assist a customer in conducting a campaign. Noble Systems has had extensive experience in the contact center environment and

has a tradition of innovating new systems, products and services to address the

unique challenges in efficiently operating a contact center.

## Noble Systems Technological Innovations Assist Contact Centers in Addressing Such Issues and Operating Efficient, Compliant Campaigns

27.     Mr. James K Noble, Jr. established and managed call centers in the

early 1980s.  He sought to improve the technology used in call centers and

eventually developed a proprietary predictive dialer in 1985.  This solution was

offered to other call center operators and Noble Systems was formed in 1989 to

commercialize the technology and provide call center management tools and

services utilizing predictive dialing systems.

28.     Innovation has been a driver of Noble Systems' growth in providing

various contact center goods and services.  Noble Systems has developed and

provided tools to facilitate customer service, marketing and collection campaigns

that incorporate agent-based contacts and agentless channels.

29.     More specifically, Noble Systems has developed and/or provided

products and services that automatically centralize campaign and policy

management, while ensuring call compliance with various regulations.  Noble

Systems has also developed systems and methods for providing compliance

enforcement in a contact center for properly originating a call to a wireless

number.  If consent is not available, then an agent should manually dial the call to

the wireless telephone number as opposed to having a predictive dialer originate the call. One product and service offered by Noble Systems to facilitate manual dialing is a compliance server and a private branch exchange ("PBX") that cooperate to allow manual dialing by an agent using the PBX. The compliance server ensures that various compliance regulations or policies are adhered to when presenting the wireless number to the agent for originating the call.

30.    Based on whether consent from a called party exists, regulations may allow using a predictive dialer to dial a wireless number or require instead that an agent manually dial the number. Thus, Noble Systems has also developed systems and methods for dialing telephone numbers in a contact center based on a "dial-type indicator." In such systems and methods, a contact center will use the dial-type indicator to determine how to originate a call in a compliant manner. If allowed by the dial-type indicator, the telephone number will be dialed using a predictive dialer. If not allowed, the telephone number will be presented to an agent for manual dialing. A called party who provides consent (or revokes consent) for such calls is reflected by updating the dial-type indicator in the record, which may occur by the agent entering a disposition code. This ensures compliance is maintained by the call center operator while offering flexibility to handle various situations.

## Noble Systems' Patents Protect Such Innovation

31.     Noble Systems has invested significant resources in developing and protecting its innovations, and has been repeatedly recognized as an innovator and a leader in the contact center technology marketplace.  For instance, Noble Systems has been twice recognized as one of the Top 40 Innovative Technology Companies in Georgia by the Technology Association of Georgia, for the years 2015 and 2016.  In addition, Noble Systems has been recognized by the Professional Association for Customer Engagement in 2017 as a leader in the contact center technology market.  Further, Noble Systems' "Harmony" product has been recognized as a 2016 Communication Solutions Product of the Year Award by Total Marketing Concepts, Inc. ("TMC") as an innovative product for voice, data, and video communications.  Noble Systems has sought to protect its innovations by seeking patent protection.

32.     More specifically, Noble Systems owns all right, title and interest in and to the following United States Patents for various novel and unobvious inventions:

1.  U.S. Patent No. RE46,420, entitled "Method and System for Distributing Outbound Telephone Calls" (the "'420 Patent");

2.  U.S. Patent No. RE46,478, entitled "System and Method for Preemptive Goals Based Routing of Contact Records (the "'478 Patent");

3.  U.S. Patent No. 9,521,257, entitled "Dialing Telephone Numbers in a Contact Center Based on a Dial-Type Indicator" (the "'257 Patent"); and

12

4.  U.S. Patent No. 9,635,183, entitled "Providing Compliance Enforcement for Manually Dialed Wireless Numbers in a Contact Center" (the "'183 Patent").

**Noble Systems' U.S. Patent No. RE46,420**

33.     The '420 Patent is directed in part to a method and system for the distribution of outbound telephone calls.  This method and system includes a dialing device receiving call records, originating telephone calls and connecting the calls to one or more agents.  Interfaced with the dialing device is a server including pools and queues.  The server places a call list comprising call records into the pools and transfers less than all of the call records to the queues to allow the dialing device to call at peak efficiency.  The server transfers the queues to the dialing device so that the dialing device can generate telephone calls.  The server also monitors the queues to determine when to send additional call records to the queues.  In addition, the server monitors the results of the calls and updates the call records in the pools so that call records with unsuccessful outcomes can be safely and properly called again at an appropriate time.

34.     Claim 1 of the '420 Patent is as follows:

A system for distributing outbound telephone calls, the system comprising:

a dialing device associated with a plurality of agents, wherein the dialing device is configured to receive a plurality of call records associated with a campaign and to

13

provide a plurality of telephone calls to the plurality of agents associated with the dialing device; and

a server interfaced with the dialing device, the server having a plurality of pools and a plurality of queues,

the server configured to place the plurality of call records into the plurality of pools,

transfer a set of call records comprising less than all of the plurality of call records from one of the plurality of pools to one of the plurality of queues,

transfer the one of the plurality of queues to the dialing device,

monitor contact attempt results comprising at least one of a right party contact, a wrong party contact, a no answer, and a detection of an answering machine associated with the plurality of call records to determine that a predetermined number of the less than all of the plurality of call records have been contacted by the dialing device, and

in response to determining that the predetermined number of the set of call records have encountered at least one of the right party contact, the wrong party contact, the no answer, and the detection of an answering machine by the dialing device, automatically transfer additional call records from the plurality of call records from the one of the plurality of pools to the one of the plurality of queues.

35.     Noble Systems has commercialized in part the patented '420 technology in its "OnQ" product offering that automates and centralizes campaign and policy management while ensuring call compliance.  "OnQ" assists call and

contact centers to achieve campaign objectives for outbound calling efficiency and effectiveness by employing the above-described inventions.

36.     Noble Systems has invested substantial time, money and effort in designing and developing its innovative products, and in obtaining patent protection to protect such products.

37.     Noble Systems has a reasonable expectation of exclusivity in the use of its inventions in the marketplace based on the intellectual property laws of the United States, including the inventions described in the '420 Patent and claimed in claim 1 above.

38.     The '420 Patent was originally issued as U.S. Patent No. 7,502,460. On May 30, 2017, after a full and fair examination, the United States Patent and Trademark Office re-issued the '420 Patent.  A true and correct copy of the '420 Patent is attached hereto as Exhibit A.  Noble Systems owns all right, title, and interest to the '420 Patent, including the right to sue for infringement thereof.

### Noble Systems' U.S. Patent No. RE46,478

39.     The '478 Patent is directed in part to a method and system for preemptive goals-based distribution of contact records.  According to the inventions described and claimed in this patent, a contact device receives contact records and provides customer contacts to one or more agents.  A server including pools and queues interfaces with such contact device.  The server places the

contact records into the pools and transfers less than all of the contact records to

the queues to allow for processing by the contact device at peak efficiency.  The

server also transfers the queues to the contact device so that the contact device can

generate customer contact attempts.  In addition, the server monitors the

performance of the pools, and modifies which queues the pools transfer contact

records to based on the performance of the pools.  In so doing, the inventions as

described and claimed allow the contact records to be distributed in accordance

with campaign performance goals.

 40. Claim 1 of the '478 Patent is as follows:

> A system for distributing contact records utilizing preemptive
> goals based routing, the system comprising:
>
>> at least one contact device comprising a predictive dialer
>> in a call center, the at least one contact device configured
>> to receive a plurality of contact records, to establish
>> contacts using the plurality of contact records and to
>> provide the contacts to a plurality of agents in the call
>> center; and
>>
>> a server interfaced with the at least one contact device and
>> including a plurality of pools and a plurality of queues,
>> the server configured to place the plurality of contact
>> records into the plurality of pools, transfer less than all of
>> the plurality of contact records from each of the plurality
>> of pools to the plurality of queues, and transfer the
>> plurality of queues to the at least one contact device,
>>
>> wherein the server is further configured to monitor
>> performance of the plurality of pools and modify which

of the plurality of queues the plurality of pools transfer a
remaining subset of the plurality of contact records to
based on the performance of the plurality of pools.

41.     Noble Systems has commercialized in part the patented '478
technology in its "OnQ" product offering that automates and centralizes campaign
and policy management while ensuring call compliance.  "OnQ" assists call and
contact centers to achieve campaign objectives for outbound calling efficiency and
effectiveness by employing the above-described inventions.

42.     Noble Systems has invested substantial time, money and effort in
designing and developing its innovative products, and in obtaining patent
protection to protect such products.

43.     Noble Systems has a reasonable expectation of exclusivity in the use
of its inventions in the marketplace based on the intellectual property laws of the
United States, including the inventions described in the '478 Patent and claimed in
claim 1 above.

44.     The '478 Patent was originally issued as U.S. Patent No. 7,158,629.
On July 11, 2017, after a full and fair examination, the United States Patent and
Trademark Office re-issued the '478 Patent.  A true and correct copy of the '478
Patent is attached hereto as Exhibit B.  Noble Systems owns all right, title, and
interest to the '478 Patent, including the right to sue for infringement thereof.

## Noble Systems' U.S. Patent No. 9,521,257

45.    The '257 Patent is directed in part to dialing telephone numbers based on a dial-type indicator.  In one embodiment, a contact center, while dialing a telephone number to a desired party, may learn from the called party that the number is obsolete, e.g., the number was reassigned from an old subscriber (e.g., the desired party) to the current subscriber.  A new, purportedly current number may be obtained for the desired party, which may be a wireless number.  Until the new number has been confirmed as being associated with the desired party, an agent should manually dial that number in accordance with applicable regulations and, perhaps, contact center policy.  Once the agent has verbally confirmed with the desired party that  the new number is correct and the party has provided consent to receive autodialed calls, the record in the dialing list is updated reflecting the new number and consent, thus allowing future dialing attempts to occur automatically.  In one embodiment of the described inventions, a dialing list module processes the dialing list so as to reflect when a number is obsolete and update the corresponding record when the new number is confirmed.

46.    Claim 1 of the '257 Patent is as follows:

A non-transitory computer readable medium storing
instructions that when executed cause a processor to:

retrieve a dialing list comprising a plurality of records
from a database, wherein each record comprises a
corresponding telephone number and a corresponding

dial-type indicator, wherein the corresponding dial-type indicator indicates whether the corresponding telephone number is usable by an autodialer to contact a corresponding individual;

determine that the corresponding telephone number of a particular record should be predictively dialed based on the corresponding dial-type indicator of the particular record indicating having received consent from the corresponding individual of the particular record to be contacted;

cause a call to originate by predictively dialing the corresponding telephone number by the autodialer, wherein the call is answered by an answering party;

receive a disposition code from a computer operated by an agent of a contact center, the disposition code indicating the corresponding telephone number of the particular record is no longer associated with the corresponding individual of the particular record, wherein the disposition code is received after the agent has conversed with the answering party; and

modify an indicator of the particular record in response to receiving the disposition code to reflect that the corresponding telephone number of the particular record is no longer associated with the corresponding individual of the particular record.

47.   Noble Systems has commercialized in part the patented '257 technology as part of its "Harmony" contact center product offering that automates and centralizes campaign and policy management while ensuring call compliance. Harmony assists contact centers to achieve campaign objectives for outbound calling efficiency and effectiveness by employing the above-described inventions.

48.     Noble Systems has invested substantial time, money and effort in designing and developing its innovative products, and in obtaining patent protection to protect such products.

49.     Noble Systems has a reasonable expectation of exclusivity in the use of its inventions in the marketplace based on the intellectual property laws of the United States, including the inventions described in the '257 Patent and as claimed in claim 1 above.

50.     On December 13, 2016, after a full and fair examination, the United States Patent and Trademark Office issued the '257 Patent.  A true and correct copy of the '257 Patent is attached hereto as Exhibit C.  Noble Systems owns all right, title, and interest to the '257 Patent, including the right to sue for infringement thereof.

### Noble Systems' U.S. Patent No. 9,635,183

51.     The '183 Patent is directed to systems and methods facilitating manual dialing of a call to a wireless number by a contact center while enforcing various compliance requirements.  In the described inventions, a compliance server and a private branch exchange unit (PBX) cooperate to allow manual dialing of the call to the wireless number.  The compliance server retrieves a number from a calling list, which may have both wireline and wireless numbers.  It determines for a given wireless number that a compliance requirement has been met and that a

call may be originated.  The wireless number is presented to the agent to dial using the PBX, whereupon the agent requests the call be established to the wireless number.

52.     Claim 1 of the '183 Patent is as follows:

A system for ensuring compliance adherence for calls placed by a contact center, the system comprising:

a compliance server configured to:

retrieve a telephone number from a list comprising both wireline telephone numbers and wireless telephone numbers;

determine whether a call to be placed to the telephone number is compliant with respect to at least one compliance requirement;

determine the telephone number is wireless; and

provide the telephone number to an agent of the contact center so that the agent can originate the call to the telephone number in response to determining the call to be placed to the telephone number is compliant and the telephone number is wireless; and

a private branch exchange configured to:

receive an indication that the agent has originated the call by dialing the telephone number using a phone device; and

in response to receiving the indication:

place the call by using the telephone number; and

connect the call with the phone device being used by the agent.

53.     Noble Systems has commercialized the patented '183 technology as part of its Compliance Appliance® manual dialing product offering that automates and centralizes campaign and policy management while ensuring compliance is maintained for manually dialed calls.  Nobel Systems' Compliance Appliance® manual dialing product assists contact centers to achieve campaign objectives for outbound calling efficiency and effectiveness by employing the above-described inventions.

54.     The Compliance Appliance® manual dialing solution was recognized by the contact center industry as an innovation in mitigating TCPA risks by TMC's CUSTOMER Magazine that awarded this product its 2016 CUSTOMER Product of the Year Award.

55.     Noble Systems has invested substantial time, money and effort in designing and developing its innovative products, and in obtaining patent protection to protect such products.

56.     Noble Systems has a reasonable expectation of exclusivity in the use of its inventions in the marketplace based on the intellectual property laws of the United States, including the inventions described in the '183 Patent and as claimed in claim 1 above.

57.     On April 25, 2017, after a full and fair examination, the United States Patent and Trademark Office issued the '183 Patent.  A true and correct copy of

22

the '183 Patent is attached hereto as Exhibit D.  Noble Systems owns all right, title, and interest to the '183 Patent, including the right to sue for infringement thereof.

### Acqueon's Infringing Acts

58.    On information and belief, Defendant Acqueon manufactures, offers for sale, and sells software products for its own use and for use by others on technology platforms manufactured or otherwise provided by third parties for use in contact centers.  For example, Defendant Acqueon has developed and is offering Acqueon's LCM Products that, in part, manage lists of calling records and determines how and when the records should be dialed.

59.    As a further example, Acqueon's TCPA Compliance Module is shown in its offering advertised as "Outbound Compliance for Cisco Contact Centers," which states that it provides three levels of support for Federal and State calling rules, including the TCPA.  See Exhibit E.  Acqueon's TCPA Compliance Module product offering is further stated to provide multiple levels of control to support various levels of compliance based on the campaign's (e.g., business') needs that can be configured as desired.  See http://www.acqueon.com/outbound-compliance/.  Exhibit E hereto is, on information and belief, a true and correct copy of a product offering description publicly disseminated by Acqueon describing the foregoing and other features of Acqueon's TCPA Compliance Module product offering.

23

60.     As a further example, an Acqueon's LCM Products offering, advertised as LCM/U-Nexsys for Cisco UCCE, UCCX, PCCE and HCS products, is stated to provide powerful list and campaign management capabilities to Cisco Enterprise contact center contact devices.  This Acqueon product offering also shows Acqueon's TCPA Compliance Module and also shows it provides three levels of support for Federal and State calling rules, and multiple levels of control to support various levels of compliance based on a business' needs.  Exhibit F hereto is, on information and belief, a true and correct product offering description publicly disseminated by Acqueon describing the foregoing and other features of the Acqueon products at issue.

61.     Yet further, on information and belief, Acqueon has publicly disseminated describing the features of Acqueon's LCM Products at https://www.slideshare.net/Acqueon/acqueon-iq-30-detailed and at https://www.slideshare.net/Acqueon/acqueons-lcm-for-cisco-unified-cce-dialer-presentation-3582495.  Moreover, on information and belief, Exhibits G, H and I hereto are true and correct Acqueon publications that reference compliance with TCPA regulations as well as integration of Acqueon's LCM Products with Cisco products.

62.    On information and belief, Acqueon makes, uses, offers for sale and sells Acqueon's LCM Products and Acqueon's TCPA Compliance Module on its own behalf, and for use by others.

63.    On information and belief, customers and potential customers of Acqueon's LCM Products and Acqueon's TCPA Compliance Module, including those in this judicial district, purchase such Acqueon products for use on technology platforms (such as a Cisco UCCE Dialer and the Cisco UCCX Dialer or other relevant contact devices) for use in contact centers, and use Acqueon's LCM Products and Acqueon's TCPA Compliance Module on such platforms to conduct campaigns for customers.

64.    Acqueon has not obtained the permission of Noble Systems to make, use, offer for sale or sell Acqueon's LCM Products and Acqueon's TCPA Compliance Module that incorporate features covered by the '420 Patent, the '478 Patent, the '257 Patent and the '183 Patent.

65.    Noble Systems has repeatedly approached Acqueon regarding a license under at least the '420 Patent, the '478 Patent, the '257 Patent and the '183 Patent.  In so doing, Noble Systems has repeatedly provided Acqueon notice of such patent rights but Acqueon, on information and belief, has continued to make, offer for sale, sell, and use Acqueon's LCM Products and Acqueon's TCPA Compliance Module in violation of Noble Systems' patent rights, and indirectly

infringed at least by contributing to the infringement by others, either directly or under the doctrine of equivalents

## COUNT 1
## INFRINGEMENT OF THE '420 PATENT

66.     The allegations contained in paragraphs 1–65 above are incorporated by reference as if fully set forth herein.

67.     The '420 Patent is still in full force and effect, and its claims are presumed valid under the Patent Laws of the United States.

68.     Claim 1 of the '420 Patent claims the following invention:

A system for distributing outbound telephone calls, the system comprising:

> a dialing device associated with a plurality of agents, wherein the dialing device is configured to receive a plurality of call records associated with a campaign and to provide a plurality of telephone calls to the plurality of agents associated with the dialing device; and

> a server interfaced with the dialing device, the server having a plurality of pools and a plurality of queues,

> the server configured to place the plurality of call records into the plurality of pools,

> transfer a set of call records comprising less than all of the plurality of call records from one of the plurality of pools to one of the plurality of queues,

> transfer the one of the plurality of queues to the dialing

device,

monitor contact attempt results comprising at least one of a right party contact, a wrong party contact, a no answer, and a detection of an answering machine associated with the plurality of call records to determine that a predetermined number of the less than all of the plurality of call records have been contacted by the dialing device, and

in response to determining that the predetermined number of the set of call records have encountered at least one of the right party contact, the wrong party contact, the no answer, and the detection of an answering machine by the dialing device, automatically transfer additional call records from the plurality of call records from the one of the plurality of pools to the one of the plurality of queues.

69.     On information and belief, Acqueon either directly infringes or contributorily infringes at least claim 1 of the '420 Patent, either directly or under the doctrine of equivalents, because Acqueon's LCM Products as applied to or used in conjunction with, for example, a Cisco UCCE Dialer  or a Cisco UCCX Dialer respectively in a contact center, includes all the elements set forth in claim 1.  *See, e.g.,* Exhibits E, G, H, https://www.slideshare.net/Acqueon/acqueon-iq-30-detailed and at https://www.slideshare.net/Acqueon/acqueons-lcm-for-cisco-unified-cce-dialer-presentation-3582495.  On information and belief, Acqueon's LCM Products, as so applied and used in conjunction with a call center dialer, provides a system for distributing outbound telephone calls, including a dialing device associated with a plurality of agents, wherein the dialing device is

configured to receive a plurality of call records associated with a campaign and to provide a plurality of telephone calls to the plurality of agents associated with the dialing device (Acqueon's LCM Products software offering provides a "list and campaign manager"); a server interfaced with the dialing device, the server having a plurality of pools and a plurality of queues (Acqueon's LCM Products software operates on a server); the server configured to place the plurality of call records into the plurality of pools (such list and campaign management functions are executed by Acqueon's LCM Products), transfer a set of call records comprising less than all of the plurality of call records from one of the plurality of pools to one of the plurality of queues (Acqueon's LCM Products select contacts in part according to "Agent ID"), transfer the one of the plurality of queues to the dialing device, (Acqueon's LCM Products provide for records to be provided to the dialer) monitor contact attempt results comprising at least one of a right party contact, a wrong party contact, a no answer, and a detection of an answering machine associated with the plurality of call records to determine that a predetermined number of the less than all of the plurality of call records have been contacted by the dialing device (Acqueon's LCM Products monitor call outcomes via a "dial plan"), and in response to determining that the predetermined number of the set of call records have encountered at least one of the right party contact, the wrong party contact, the no answer, and the detection of an answering machine by the

28

dialing device, automatically transfer additional call records from the plurality of call records from the one of the plurality of pools to the one of the plurality of queues (Acqueon's LCM Products provide that, depending on the success or failure of an outcome, a contact may be, for example, "rescheduled as required.")

70.    On information and belief, Acqueon is thus infringing at least claim 1 of the '420 Patent.  More particularly, Acqueon has been and is currently directly and/or contributorily infringing at least claim 1 of the '420 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing for sale in the United States, without license or authority, products covered by the '420 Patent.

71.    Acqueon's acts have been without express or implied license from Noble Systems, and are willful and in reckless disregard of Noble Systems' patent rights.

72.    By selling and/or offering for sale Acqueon's LCM Products contact center software, Acqueon has sold or offered to sell a material or apparatus used in practicing the '420 Patent.  Such software, the material or apparatus, constitutes a material part of the inventions of the '420 Patent and has no substantial non-infringing uses and is not a staple article or commodity of commerce.  Further, Acqueon knew and knows that Acqueon's LCM Products constitute material or

apparatus especially made or adapted for use in a way that would infringe the '420 Patent.

73.    On information and belief, Defendant Acqueon has knowledge of the '420 Patent, and that use of the contact center contact device with Acqueon's LCM Products would directly infringe the '420 Patent, either literally or under the doctrine of equivalents.

74.    On information and belief, despite having knowledge of the '420 Patent, Defendant Acqueon is aware, knows and intends that persons who acquire and use Acqueon's LCM Products in conjunction with other products, including Acqueon's customers, do so in a manner that infringes at least claim 1 of the '420 Patent, and that Acqueon's LCM Products, particularly as to such features, have no substantial non-infringing uses.

75.    On information and belief, Acqueon has known and knows that Acqueon's LCM Products at issue perform specific, intended functions that are covered by at least claim 1 of the '420 Patent and that a user of Acqueon's LCM Products directly infringes claim 1 of the '420 Patent.  On further information and belief, despite knowledge of the foregoing, Defendant Acqueon has nevertheless continued its directly infringing or contributorily infringing conduct, and disregarded an objectively high likelihood of infringement.

76.    Noble Systems has been damaged as a result of Acqueon's conduct and Defendant is liable to Noble Systems in an amount that adequately compensates Noble Systems for such infringement which, by law, cannot be less than a reasonable royalty, together with interests and costs under 35 U.S.C. §284.

77.    On information and belief, Acqueon will continue to infringe the '420 Patent, either directly or contributorily, unless enjoined by this Court.

78.    As a result of Acqueon's acts of infringement, Noble Systems has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Thus, Noble Systems is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

79.    As a result of Acqueon's acts of infringement, Noble Systems has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284 and to its attorneys' fees under 35 U.S.C. § 285.

## COUNT 2
## INFRINGEMENT OF THE '478 PATENT

80.    The allegations contained in paragraphs 1–79 above are incorporated by reference as if fully set forth herein.

81.    The '478 Patent is still in full force and effect, and its claims are presumed valid under the Patent Laws of the United States.

82.    Claim 1 of the '478 Patent claims the following invention:

    A system for distributing contact records utilizing preemptive

31

goals based routing, the system comprising:

> at least one contact device comprising a predictive dialer in a call center, the at least one contact device configured to receive a plurality of contact records, to establish contacts using the plurality of contact records and to provide the contacts to a plurality of agents in the call center; and

> a server interfaced with the at least one contact device and including a plurality of pools and a plurality of queues, the server configured to place the plurality of contact records into the plurality of pools, transfer less than all of the plurality of contact records from each of the plurality of pools to the plurality of queues, and transfer the plurality of queues to the at least one contact device,

> wherein the server is further configured to monitor performance of the plurality of pools and modify which of the plurality of queues the plurality of pools transfer a remaining subset of the plurality of contact records to based on the performance of the plurality of pools.

83.    On information and belief, Acqueon either directly infringes or contributorily infringes at least claim 1 of the '478 Patent, either directly or under the doctrine of equivalents, because Acqueon's LCM Products as applied to or used in conjunction with, for example, a Cisco UCCE Dialer or Cisco UCCX Dialer respectively in a contact center, includes all the elements set forth in claim 1. *See, e.g.,* Exhibit F, https://www.slideshare.net/Acqueon/acqueon-iq-30-detailed and at https://www.slideshare.net/Acqueon/acqueons-lcm-for-cisco-

unified-cce-dialer-presentation-3582495.  On information and belief, Acqueon's

LCM Products, as so applied and used in conjunction with a call center contact

device, provides a system for distributing contact records utilizing preemptive

goals based routing (Acqueon's LCM Products are separate from a dialer and

provide distribution of call records to the dialer based on a strategy); and such a

system would provide at least one contact device comprising a predictive dialer in

a call center (Acqueon's LCM Products work with a dialer in a call center), the at

least one contact device configured to receive a plurality of contact records (the

dialer is configured to receive call records from Acqueon's LCM Products),

establish contacts using the plurality of contact records and provide the contacts to

a plurality of agents in the call center (Acqueon's LCM Products coordinate with

the dialer to establish calls for the received call records and connects the calls to

agents); and a server interfaced with the at least one contact device and including a

plurality of pools and a plurality of queues (Acqueon's LCM Products provide

different contact segmentation lists to the dialer and with different

percentages/filters), the server configured to place the plurality of contact records

into the plurality of pools (Acqueon's LCM Products lists are segmented), transfer

less than all of the plurality of contact records from each of the plurality of pools to

the plurality of queues (specific percentages of records meeting a condition are

identified), and transfer the plurality of queues to the at least one contact device

(those selected records are then sent to the dialer); wherein the server is further configured to monitor performance of the plurality of pools and modify which of the plurality of queues the plurality of pools transfer a remaining subset of the plurality of contact records to based on the performance of the plurality of pools (specific percentages of contacts can be chosen from each filter condition and then prioritized in the order in which they are sent to the dialer).

84.     On information and belief, Acqueon is thus infringing at least claim 1 of the '478 Patent.  More particularly, Acqueon has been and is currently directly and/or contributorily infringing at least claim 1 of the '478 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing for sale in the United States, without license or authority, products covered by the '478 Patent.

85.     Acqueon's acts have been without express or implied license from Noble Systems, and are willful and in reckless disregard of Noble Systems' patent rights.

86.     By selling and/or offering for sale Acqueon's LCM Products contact center software, Acqueon has sold or offered to sell a material or apparatus used in practicing the '478 Patent.  Such software, the material or apparatus, constitutes a material part of the inventions of the '478 Patent and has no substantial non-infringing uses and is not a staple article or commodity of commerce.  Further, as a

result of prior contacts with Noble Systems' counsel including the offering of a license under the '478 Patent, Acqueon knew and knows that Acqueon's LCM Products at issue constitute material or apparatus especially made or adapted for use in a way that would infringe the '478 Patent.

87.     On information and belief, Defendant Acqueon has knowledge of the '478 Patent, and that use of the contact center contact device with Acqueon's LCM Products would directly infringe the '478 Patent, either directly or under the doctrine of equivalents.

88.     On information and belief, despite having knowledge of the '478 Patent, Defendant Acqueon is aware, knows and intends that persons who acquire and use Acqueon's LCM Products in conjunction with other products, including Acqueon's customers, do so in a manner that infringes at least claim 1 of the '478 Patent, and that Acqueon's LCM Products, particularly as to such features, have no substantial non-infringing uses.

89.     On information and belief, Acqueon has known and knows that Acqueon's LCM Products at issue perform specific, intended functions that are covered by at least claim 1 of the '478 Patent and despite knowledge of the foregoing, Defendant Acqueon has nevertheless continued its directly infringing or contributorily infringing conduct, and disregarded an objectively high likelihood of infringement.

35

90.    Noble Systems has been damaged as a result of Acqueon's conduct. Defendant is liable to Noble Systems in an amount that adequately compensates Noble Systems for such infringement which, by law, cannot be less than a reasonable royalty, together with interests and costs under 35 U.S.C. §284.

91.    On information and belief, Acqueon will continue to infringe the '478 Patent, either directly or contributorily, unless enjoined by this Court.

92.    As a result of Acqueon's acts of infringement, Noble Systems has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Thus, Noble Systems is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

93.    As a result of Acqueon's infringement, Noble Systems has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284 and to its attorneys' fees under 35 U.S.C. § 285.

## COUNT 3
## INFRINGEMENT OF THE '257 PATENT

94.    The allegations contained in paragraphs 1–93 above are incorporated by reference as if fully set forth herein.

95.    The '257 Patent is still in full force and effect, and its claims are presumed valid under the Patent Laws of the United States.

96.    Claim 1 of the '257 Patent claims the following invention:

A non-transitory computer readable medium storing instructions

36

that when executed cause a processor to:

retrieve a dialing list comprising a plurality of records from a database, wherein each record comprises a corresponding telephone number and a corresponding dial-type indicator, wherein the corresponding dial-type indicator indicates whether the corresponding telephone number is usable by an autodialer to contact a corresponding individual;

determine that the corresponding telephone number of a particular record should be predictively dialed based on the corresponding dial-type indicator of the particular record indicating having received consent from the corresponding individual of the particular record to be contacted;

cause a call to originate by predictively dialing the corresponding telephone number by the autodialer, wherein the call is answered by an answering party;

receive a disposition code from a computer operated by an agent of a contact center, the disposition code indicating the corresponding telephone number of the particular record is no longer associated with the corresponding individual of the particular record, wherein the disposition code is received after the agent has conversed with the answering party; and

modify an indicator of the particular record in response to receiving the disposition code to reflect that the corresponding telephone number of the particular record is no longer associated with the corresponding individual of the particular record.

97.    On information and belief, Acqueon directly infringes at least claim 1 of the '257 Patent, either directly or under the doctrine of equivalents, because Acqueon's LCM Products offered in conjunction with Acqueon's TCPA Compliance Module as applied to or used with, for example,  a Cisco UCCE Dialer or Cisco UCCX Dialer respectively in a contact center, includes all the elements

set forth in claim 1.   See, e.g., Exhibits E, G, H, and I.  Acqueon's TCPA

Compliance Module software offered with Acqueon's LCM Products, including

when used in conjunction with a contact center contact device, would provide each

of the foregoing recited elements.  Specifically, on information and belief, as

applied and used in a call center contact device, Acqueon's TCPA Compliance

Module in conjunction with Acqueon's LCM Products retrieves a dialing list

comprising a plurality of records from a database (call records are loaded into the

LCM/U-Nexsys product), wherein each record comprises a corresponding

telephone number and a corresponding dial-type indicator (the calls include a cell

phone number and indication of prior consent), wherein the corresponding dial-

type indicator indicates whether the corresponding telephone number is usable by

an autodialer to contact a corresponding individual (the prior consent indicator is

evaluated to determine whether to send the record to a Cisco Dialer or to the agent

desktop); determine that the corresponding telephone number of a particular record

should be predictively dialed based on the corresponding dial-type indicator of the

particular record indicating having received consent from the corresponding

individual of the particular record to be contacted (if the customer has provided

consent then the record is provided to the Cisco Dialer); cause a call to originate by

predictively dialing the corresponding telephone number by the autodialer (the

Cisco Dialer places the call), wherein the call is answered by an answering party

38

(the agent speaks to the answering party); receive a disposition code from a computer operated by an agent of a contact center, (the agent dispositions the call through the agent desktop) the disposition code indicating the corresponding telephone number of the particular record is no longer associated with the corresponding individual of the particular record, (upon information and belief, a disposition code may be defined indicating the number is obsolete), wherein the disposition code is received after the agent has conversed with the answering party; and modify an indicator of the particular record in response to receiving the disposition code to reflect that the corresponding telephone number of the particular record is no longer associated with the corresponding individual of the particular record (the agent entered disposition code is fed back into Acqueon's LCM Products exactly like other dialer oriented disposition codes).

98.     On information and belief, Acqueon is thus infringing at least claim 1 of the '257 Patent.  More particularly, Acqueon has been and is currently directly and/or contributorily infringing at least claim 1 of the '257 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing for sale in the United States, without license or authority, products covered by the '257 Patent.

99.    Acqueon's acts have been without express or implied license from Noble Systems, and are willful and in reckless disregard of Noble Systems' patent rights.

100.    By selling and/or offering for sale one or more of Acqueon's LCM Products offered in conjunction with Acqueon's TCPA Compliance Module, including its LCM/U-Nexsys contact center software, Acqueon has sold or offered to sell a material or apparatus used in practicing the '257 Patent.  Such software, the material or apparatus, constitutes a material part of the inventions of the '257 Patent and has no substantial non-infringing uses and is not a staple article or commodity of commerce.  Further, as a result of prior contacts with Noble Systems' counsel including the offering of a license under the '257 Patent, Acqueon knew that the material or apparatus was especially made or adapted for use in a way that would infringe the '257 Patent.

101.    On information and belief, Acqueon will continue to infringe the '257 Patent, either directly or contributorily unless enjoined by this Court.

102.    As a result of Acqueon's acts of infringement, Noble Systems has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Thus, Noble Systems is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

103.   On information and belief, Defendant Acqueon has knowledge of the '257 Patent and that use of Acqueon's LCM Products offered in conjunction with Acqueon's TCPA Compliance Module, including its LCM/U-Nexsys products at issue would infringe the '257 Patent, either literally or under the doctrine of equivalents.

104.   On information and belief, Acqueon has known or knows that Acqueon's LCM Products offered in conjunction with Acqueon's TCPA Compliance Module, including its LCM/U-Nexsys products at issue perform specific, intended functions that are covered by at least claim 1 of the '257 Patent and despite knowledge of the foregoing, Defendant Acqueon has nevertheless continued its directly infringing and/or contributorily infringing conduct, and disregarded an objectively high likelihood of infringement.

105.   Noble Systems has been damaged as a result of Acqueon's conduct. Defendant is liable to Noble Systems in an amount that adequately compensates Noble Systems for such infringement which, by law, cannot be less than a reasonable royalty, together with interests and costs under 35 U.S.C. § 284.

106.   On information and belief, Acqueon will continue to infringe the '257 Patent, either directly or contributorily, unless enjoined by this Court.

107.   As a result of Acqueon's acts of infringement, Noble Systems has suffered, and will continue to suffer, irreparable harm for which there is no

41

adequate remedy at law.  Thus, Noble Systems is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

108.   As a result of Acqueon's infringement, Noble Systems has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284 and to its attorneys' fees under 35 U.S.C. § 285.

## COUNT 4
## INFRINGEMENT OF THE '183 PATENT

109.   The allegations contained in paragraphs 1–108 above are incorporated by reference as if fully set forth herein.

110.   The '183 Patent is still in full force and effect, and its claims are presumed valid under the Patent Laws of the United States.

111.   Claim 1 of the '183 Patent claims the following invention:

> A system for ensuring compliance adherence for calls placed by a contact center, the system comprising:
>
> a compliance server configured to:
>
> retrieve a telephone number from a list comprising both wireline telephone numbers and wireless telephone numbers;
>
> determine whether a call to be placed to the telephone number is compliant with respect to at least one compliance requirement;
>
> determine the telephone number is

wireless; and

provide the telephone number to an
agent of the contact center so that the
agent can originate the call to the
telephone number in response to
determining the call to be placed to the
telephone number is compliant and the
telephone number is wireless; and

a private branch exchange configured to:

receive an indication that the agent has
originated the call by dialing the
telephone number using a phone device;
and

in response to receiving the indication:
place the call by using the telephone
number; and

connect the call with the phone device
being used by the agent.

112.   On information and belief, Acqueon either directly infringes or

contributorily infringes at least claim 1 of the '183 Patent, either directly or under

the doctrine of equivalents, because Acqueon's TCPA Compliance Module offered

in conjunction with Acqueon's LCM Products as applied to or used in conjunction

with, for example, a Cisco UCCE Dialer or UCCX Dialer in a contact center,

includes all the elements set forth in claim 1.  *See, e.g.,* Exhibits E, F, H and I.  On

information and belief, Acqueon's TCPA Compliance Module software offering as

so applied would provide a system for ensuring compliance adherence for calls

placed by a contact center with a compliance server configured as claimed, and a

private branch exchange PBX also configured as claimed.  Specifically, Acqueon

offers a system for ensuring compliance adherence for calls placed by a contact

center (Acqueon offers a solution to stay complaint with TCPA regulations), where

the system comprises a compliance server configured to retrieve a telephone

number from a list comprising both wireline telephone numbers and wireless

telephone numbers (call records are loaded which may contain cell phone numbers

along with wireline numbers; the cellphone numbers are first identified); determine

whether a call to be placed to the telephone number is compliant with respect to at

least one compliance requirement (setting a calling window or hours of calling);

determine the telephone number is wireless (cell phone numbers are identified in

the list); and provide the telephone number to an agent of the contact center so that

the agent can originate the call to the telephone number in response to determining

the call to be placed to the telephone number is compliant and the telephone

number is wireless (after the cell phone number is identified, it is provided to an

agent desktop so that an agent may dial the number using a physical phone or a

soft phone on their computer); and a private branch exchange configured to receive

an indication that the agent has originated the call by dialing the telephone number

using a phone device (the phone system receives the request from the agent to

initiate the call); and in response to receiving the indication: place the call by using

the telephone number; (the phone system originates the call) and connect the call

with the phone device being used by the agent (the agent is connected with the call once the call is answered).

113.   On information and belief, Acqueon is thus infringing at least claim 1 of the '183 Patent.  More particularly, Acqueon has been and is currently directly and/or contributorily infringing at least claim 1 of the '183 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing for sale in the United States, without license or authority, products covered by the '183 Patent.

114.   Acqueon's acts have been without express or implied license from Noble Systems, and are willful and in reckless disregard of Noble Systems' patent rights.

115.   On information and belief, by selling and offering for sale Acqueon's LCM Products, including the LCM/U-Nexsys contact center software, operating in conjunction with Acqueon's TCPA Compliance Module, Acqueon has sold or offered to sell a material or apparatus used in practicing the '183 Patent.  Such software, the material or apparatus, constitutes a material part of the inventions of the '183 Patent and has no substantial non-infringing uses and is not a staple article or commodity of commerce.  Further, as a result of prior contacts with Noble Systems' counsel including the offering of a license under the '183 Patent, Acqueon knew and knows that Acqueon's LCM Products operating in conjunction

45

with Acqueon's TCPA Compliance Module constitute material especially made or adapted for use in a way that would infringe the '183 Patent.

116.   On information and belief, Defendant Acqueon has knowledge of the '183 Patent and that use of the contact center contact device with Acqueon's LCM Products operating in conjunction with Acqueon's TCPA Compliance Module would directly infringe the '183 Patent, either directly or under the doctrine of equivalents.

117.   On information and belief, despite having knowledge of the '183 Patent, Defendant Acqueon is aware, knows and intends that persons who acquire and use Acqueon's LCM Products and Acqueon's TCPA Compliance Module in conjunction with other products, including Acqueon's customers, do so in a manner that infringes at least claim 1 of the '183 Patent, and that Acqueon's LCM Products operating in conjunction with Acqueon's TCPA Compliance Module, particularly as to such features, have no other substantial non-infringing uses.

118.   On information and belief, Acqueon has known and knows that Acqueon's LCM Products, including its LCM/U-Nexsys products, operating in conjunction with Acqueon's TCPA Compliance Module, at issue perform specific, intended functions that are covered by at least claim 1 of the '183 Patent and despite knowledge of the foregoing, Defendant Acqueon has nevertheless

46

continued its directly infringing or contributorily infringing conduct, and disregarded an objectively high likelihood of infringement.

119.   Noble Systems has been damaged as a result of Acqueon's conduct. Defendant is liable to Noble Systems in an amount that adequately compensates Noble Systems for such infringements which, by law, cannot be less than a reasonable royalty, together with interests and costs under 35 U.S.C. §284.

120.   On information and belief, Acqueon will continue to infringe the '183 Patent, either directly or indirectly, unless enjoined by this Court.

121.   As a result of Acqueon's acts of infringement, Noble Systems has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Thus, Noble Systems is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

122.   As a result of Acqueon's infringement, Noble Systems has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284 and to its attorneys' fees under 35 U.S.C. § 285.

## **REQUEST FOR RELIEF**

WHEREFORE, Noble Systems respectfully prays for judgment as follows:

A.    A judgment that Defendant Acqueon has infringed the '420, '478, '257, and '183 Patents, either literally or under the doctrine of equivalents;

B.     An order preliminary and permanently enjoining Acqueon, its officers, agents, servants, employees, attorneys, all those in active concert or participation with it, and all other parties properly enjoined by law, from continued acts of infringement of the following Noble Systems patents –

    a.  U.S. Patent No. RE46,420, entitled "Method and System for Distributing Outbound Telephone Calls;"

    b.  U.S. Patent No. RE46,478, entitled "System and Method for Preemptive Goals Based Routing of Contact Records;

    c.  U.S. Patent No. 9,521,257, entitled "Dialing Telephone Numbers in a Contact Center Based on a Dial-Type Indicator;" and

    d.  U.S. Patent No. 9,635,183, entitled "Providing Compliance Enforcement for Manually Dialed Wireless Numbers in a Contact Center."

C.     An order for destruction of the means employed by Defendant to commit the acts of infringement complained of above;

D.     An award of damages adequate to compensate Noble Systems for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284, and an order trebling the damages by reason of the willful and deliberate nature of Defendant's acts of infringement, also pursuant to 35 U.S.C. § 284;

E.     A declaration that this case is exceptional within the meaning of 35

U.S.C. § 285, and an award to Noble Systems of its reasonable attorneys' fees and other costs and expenses incurred in the prosecution of this action; and

F.      An award of such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Noble Systems demands a trial by jury on all issues so triable.

Respectfully submitted, this 25th day of August 2017.

  /s/ Greg W. Curry
Greg W. Curry
Texas Bar No. 05270300
Richard L. Wynne, Jr.
Texas Bar No. 24003214
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700 (telephone)

MEUNIER CARLIN & CURFMAN LLC
Stephen M. Schaetzel
Georgia State Bar No. 628653
David Cornett
Georgia State Bar No. 143599
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Tel: 404-645-7700
Email: sschaetzel@mcciplaw.com

*Counsel for Plaintiff*
*Noble Systems, Inc.*